UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
No. 08-80219-CIV-MARRA-JOHNSON

MICHAEL SCHULMAN, LEON GILBERT,
and TOM J. WILCOX, on their own behalf
and all others similarly situated,

    Plaintiffs,

v.

SOUTHERN SHUTTLE SERVICES INC.,
a Florida corporation,

    Defendant.
_____/

### ORDER AND OPINION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court on Defendant Southen Shuttle Services, Inc. ("Southern Shuttle")'s Motion for Summary Judgment and Incorporated Memorandum of Law (DE 37), filed November 3, 2008.  Plaintiffs Michael Schulman, Leon Gilbert, and Tom J. Wilcox ("Plaintiffs") filed a Response (DE 46) on December 19, 2008 and Defendant filed a Reply (DE 60) on February 6, 2009.  The motion is fully briefed and ripe for review. The Court has reviewed the Motion, the entire file in this case, and is otherwise duly advised in the premises.

Plaintiffs, former employees of Defendant, brought claims against Defendant for violating the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") (See Am. Compl., DE 4).  Plaintiffs allege that Defendant failed to compensate them the basic minimum wages due under the FLSA and failed to compensate them properly for overtime wages pursuant to the FLSA.  (See Am. Compl.).

Defendant moves for summary judgment on the grounds that it is entitled to an exemption from the requirements of the FLSA.  Defendant relies solely upon the language of 29 U.S.C. § 213(b)(17), which states as follows:

> (b) Maximum hour requirements
> The provisions of section 207 of this title shall not apply with respect to--
> . . .
> (17) any driver employed by an employer engaged in the business of operating taxicabs

First, the Court notes that this exemption from the FLSA is limited only to the FLSA overtime provisions.  See id. This action concerns allegations of both unpaid overtime violations and minimum wage violations by Defendant. (See Am. Compl.).  Thus, the claimed exemption is inapplicable, at a minimum, to Plaintiff's claims for minimum wage violations.

Second, the Court turns to Defendant's argument that it is exempt from the FLSA overtime provisions based on its claimed status as "an employer engaged in the business of operating taxicabs."  As Plaintiff points out, the Eleventh Circuit recently reversed an order granting summary judgment to this same Defendant, Southern Shuttle, on the same grounds that Defendant asserts herein.  See Abel v. Southern Shuttle Services, Inc., 2008 WL 5047626 (11th Cir. Nov. 28, 2008).  Thus, Plaintiffs rely upon the decision of the Eleventh Circuit to oppose Defendant's motion.

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979) (citing Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 328-329 (1971).  The offensive use of collateral estoppel occurs when "the plaintiff seeks to foreclose the defendant from litigating an issue the

2

defendant has previously litigated unsuccessfully in an action with another party." Parklane Hosiery, 439 U.S. at 326 n. 4. Collateral estoppel is appropriate when "the issue in the subsequent proceeding is identical to the one involved in the prior action, the issue was actually litigated, and the determination of the issue was necessary in the prior action." Cotton States Mutual Ins. Co. v. Anderson, 749 F.2d 663, 666 (11th Cir.1984) (1979) (internal citation and quotation omitted). Courts have broad discretion in determining when offensive collateral estoppel should be applied. Parklane Hosiery, 439 U.S. at 331.

Here, the Court finds that offensive collateral estoppel is appropriate. Defendant, Southern Shuttle, has previously litigated unsuccessfully the issue of whether it qualifies for the taxicab exemption. See Abel v. Southern Shuttle Services, Inc., 2008 WL 5047626 (11th Cir. Nov. 28, 2008). The Eleventh Circuit held that, while Defendant's airport shuttle vans share some characteristics with taxicabs, they are not "taxicabs" under the narrow interpretation required of an FLSA exemption. Id. Since Defendant received a "full and fair" opportunity to litigate its taxicab exemption claim in the Abel action, the law of collateral estoppel leads inescapably to the conclusion that Defendant is collaterally estopped from relitigating the question of whether it qualifies for the taxicab exemption under the FLSA. See Blonder-Tongue Laboratories, 402 U.S. at 328. The Court is unconvinced that the factual distinctions alleged between this case and Abel v. Southern Shuttle Services, Inc. (07-80584-KLR) are sufficient to prevent the exercise of collateral estoppel here.

Moreover, even if the Court did not apply collateral estoppel to prevent the Defendant from re-litigating this issue, the Court finds the Eleventh Circuit's recent opinion holding that Defendant does not operate "taxicabs" for the purposes of the required narrow interpretation of the FLSA exemption to be persuasive here. See Abel, 2008 WL 5047626. Thus, the claimed

taxicab exemption is inapplicable to Plaintiff's claims for unpaid overtime violations.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion for Summary Judgment (DE 37) is **DENIED.**

(2) Plaintiff's Motion for Leave to File Sur-Reply Memorandum of Law in Opposition to Defendant's Motion for Final Summary Judgment (DE 61) is **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of February, 2009.

KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record