UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80219-CIV-MARRA

LEON GILBERT and TOM J. WILCOX,

     Plaintiffs,
v.

SOUTHERN SHUTTLE SERVICES INC.,
a Florida corporation,

     Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Southern Shuttle Services, Inc.'s ("Defendant" or "Southern Shuttle") Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial (DE 90). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

Defendant moves for a new trial "based on the jury instruction" and argues that "the instructions to the jury in this case were overly specific and added elements that are not required as a matter of law, and that therefore Southern Shuttle is entitled to a new trial on Gilbert's claims for overtime." (Mot. at 6.) Rule 59 of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R.Civ. P. 59(a). "Courts do not grant new trials unless it is reasonably clear that prejudicial error

has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." Del Rio Dist. v. Adolph Coors Co., 589 F.2d 176, 179 n.3 (5th Cir. 1979)[1] quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2803 (1973 and 1991 supp.); see also Shaps v. Provident Life & Accident Ins. Co., 244 F.3d 876, 885 (11th Cir. 2001) ("[A] new trial may be ordered only when the interests of substantial justice are at stake.")  The motion may be granted when the "verdict is against the clear weight of the evidence, when the damages are excessive, or when the court determines the trial was not fair." Hall v. Norfolk Southern Railway Co., 829 F. Supp. 1571, 1579 (N.D. Ga. 1993) citing National Car Rental System v. Better Monkey Grip Co., 511 F.2d 724 (5th Cir. 1975).

Defendant also moves for renewed judgment as a matter of law. (Mot. at 2-5).  Under Rule 50(b) of the Federal Rules of Civil Procedure, "a party may renew its motion for judgment as a matter of law after the jury has returned its verdict, if there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1251-52 (11th Cir. 2007); Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192 (11th Cir. 2004).  Judgment as a matter of law is appropriate on a particular portion of a jury award when there is a lack of record evidence supporting that award.  Collado v. UPS, 419 F.3d 1143, 1149 (11th Cir. 2005).  Defendant claims that it is entitled to Judgment as a Matter of Law based on the jury instructions for the Taxicab

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Exemption and the Motor Carrier Exemption, which, Defendant argues, essentially directed the verdict in light of the evidence presented at trial. (Mot. at 2-5). Defendant asserts that the evidence at trial established that it fell within the Taxicab Exemption and the Motor Carrier Exemption.

After careful consideration and for the reasons stated in the record, the Court concludes that it did not err in instructing the jury on the Taxicab Exemption and the Motor Carrier Exemption. The Court will address each in turn.

The Court instructed the jury as to the applicability of the Taxicab Exemption as follows:

> In order to receive the benefit of the Taxicab Exemption, the Defendant has the burden of proving by a preponderance of the evidence that (1) Plaintiffs were drivers employed by Defendant; and (2) Defendant is engaged in the business of operating taxicabs.
> A taxicab is a small motor vehicle that carries a passenger to any requested destination. The business operates without fixed routes or contracts for recurrent transportation. It serves the miscellaneous and predominantly local transportation needs of the community. It may include such occasional and unscheduled trips to and from transportation terminals as the individual passengers may request, and may include stands at the transportation terminals as well as at other places where numerous demands for taxicab transportation may be expected.
> The taxicab passenger: (1) is not required to always have an airport destination or airport departure as part of the trip; (2) ordinarily is not obliged to share the ride with other passengers; and (3) is taken directly to his or her requested destination. In deciding whether the taxicab exemption applies, you may consider other factors.

See Jury Instructions, DE 83 at 8.

The language in the first paragraph of the instruction contains the exact language of the statute. See 29 U.S.C. § 213(b)(17) ("any driver employed by an employer engaged in the business of operating taxicabs"). The language in the second and third paragraphs of the instruction directly follows from the Eleventh Circuit's opinion in Abel v. Southern Shuttle

Services, Inc., 301 Fed. Appx. 856 (11th Cir. 2008), a recent Fair Labor Standards Act (FLSA) case against the same defendant as in the instant case, Southern Shuttle. The language in the second paragraph of the instruction also includes language from the Department of Labor's field operations handbook, as quoted in Abel. See id. at 859. The Court concludes that it did not err in instructing the jury on the Taxicab Exemption.

The Court instructed the jury as to the applicability of the Motor Carrier Exemption as follows:

> In order to receive the benefit of the Motor Carrier Exemption, the Defendant has the burden of proving by a preponderance of the evidence that the Secretary of Transportation has the power to establish qualifications and maximum hours of service of Southern Shuttle's employees. The Secretary of Transportation has this power if the following three (3) requirements are met:
> (1) Southern Shuttle is a carrier covered by the Motor Carrier Act;
> (2) Southern Shuttle is engaged in interstate commerce within the meaning of the Motor Carrier Act; and
> (3) The activities of the employees in question must affect the safety of operation of motor vehicles.
> A motor carrier is defined as a person providing motor vehicle transportation for compensation.
> Interstate commerce means trade, commerce, transportation, transmission, or communication between any place within a state and any place outside that state. However, drivers of buses/ shuttle services/ limousines carrying interstate passengers and their baggage to and from transportation terminals within a single state are not engaged in interstate transportation of passengers and property within the meaning of the Motor Carrier Act unless the transportation is part of a through-ticketing or other common arrangement between the motor carrier and the air carrier. Therefore, the Motor Carrier Exemption will not apply except in a case of a through-ticketing or other common arrangement for continuous passage or interchange between the motor carrier and the air carrier.
> Lastly, the employees must be engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highway of passenger or property. I instruct you that as a matter of law a driver of a motor vehicle who drives in interstate commerce as defined above does directly affect the safety and operation of motor vehicles.

See Jury Instructions, DE 83 at 8.

Defendant challenges only the portion of the instruction regarding the interstate commerce requirement. (Mot. at 4-5). The Motor Carrier Exemption, 29 U.S.C. § 213(b)(1), mandates that overtime pay is not required for any employee with respect to whom the Secretary of Transportation ("Secretary") has power to establish "qualifications and maximum hours of service pursuant to section 21502" of the Motor Carrier Act. Thus, the question of whether a plaintiff is exempt from the overtime provisions of the FLSA under 29 U.S.C. 213(b)(1) turns on whether the Secretary had such power with respect to the plaintiff. Baez v. Wells Fargo Armored Service Corp., 938 F.2d 180, 181 (11th Cir. 1991).

A requirement of the motor carrier exemption is that the carrier transports persons by motor carrier between a place in a state and a place in another state or "in the practical continuity of movement in the flow of interstate commerce." See Powell v. Carey Intern., Inc., 483 F. Supp.2d 1168, 1179 (S.D. Fla. 2007); see also 29 C.F.R. § 782.2 ("The activities of drivers . . . in connection with transportation which is not in interstate or foreign commerce within the meaning of the Motor Carrier Act provide no basis for exemption under section 13(b)(1) of the Fair Labor Standards Act."); see also McIntyre v. FLX of Miami, Inc., 2008 WL 4541017, *5 (S.D. Fla. 2008) ("Transportation within a single state may remain 'interstate' in character when it forms a part of a 'practical continuity of movement' across state lines from the point of origin to the point of destination.") (citations omitted).

Even if the passengers came from or were destined to points in another state, the carrier is not engaged in interstate commerce if the carrier operates within a single state unless there is a "common arrangement" or through-ticketing between the motor carrier and the air carrier for continuous passage or interchange. See James T. Kimball--Petition for Declaratory Order, 131

5

M.C.C. 908, 1980 WL 14197 (1980) ( ("Kimball"); Motor Transp. of Passengers Incidental to Air, 95 M.C.C. 526 (1964); see also Powell, 483 F. Supp.2d at 1179-82 (holding that plaintiffs limousine service drivers did not fall under the jurisdiction of the Department of Transportation for purposes of the Motor Carrier Exemption where there was insufficient evidence of through-ticketing arrangement between defendants and Virgin Atlantic); Rossi v. Associated Limousine Services, Inc., 438 F. Supp.2d 1354, 1362 (S.D. Fla. 2006) ("Notwithstanding, a through-ticketing arrangement must be between the motor carrier and air carrier for continuous passage in order to render the motor carrier's operation interstate transportation. See In re Kimball, supra. Associated has no such arrangement with any air carrier."). A common travel arrangement with a ground transportation company or a travel agency is insufficient to meet the interstate commerce requirement. See id.; Kimball, 131 M.C.C. at 918; Morrison v. Quality Transports Services, Inc., 474 F. Supp.2d 1303, 1310 (S.D. Fla. 2007). The Court concludes that the instruction given was legally correct. Accordingly, the Court finds that it did not err in instructing the jury on the Motor Carrier Exemption.

Finally, the Court rejects Defendant's claims that the evidence at trial established that it fell within the Taxicab and Motor Carrier Exemptions to the FLSA. The jury instructions were correct, both legally and in light of the evidence presented at trial, and the jury's verdict was not against the weight of the evidence. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion Judgment as a Matter of Law,

or in the Alternative, Motion for New Trial (DE 90) is **DENIED.**

      **DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 28th day of June, 2009.

                                              KENNETH A. MARRA
                                              United States District Judge

copies to: all counsel of record